UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABDULHADI NAIM AWAD,
    Plaintiff,

v.

DR. BIRBENK, et al.,
    Defendants.

Case No. 22-cv-00665-DMR (PR)

**SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff, who now seems to be out of jail custody[1], filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 while he had been housed at the Sonoma County Main Adult Detention Facility ("MADF"). He has been granted leave to proceed *in forma pauperis*.

On July 6, 2022, the court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismissed the complaint with leave to amend with various instructions to correct certain deficiencies. *See* Dkt. 10. Plaintiff's initial complaint had alleged violations of his constitutional rights against an unnamed arresting officer from the California Highway Patrol ("CHP") and against Dr. Birbenk, a surgeon from Queen of the Valley Medical Center in Napa, California, who treated Plaintiff for injuries he sustained prior to his arrest on January 26, 2020[2]. Dkt. 1 at 2-3.[3]

---

[1] Plaintiff states that he was "discharged from [the] jail," and he is at "Crestwood Behavioral," which is a mental health rehabilitation center in Vallejo, California. Dkt. 14 at 2.

[2] Plaintiff had indicated in his initial complaint that the date of the arrest was on January *27*, 2020, but he has since modified the date to be January *26*, 2020 in his amended complaint. *See* Dkt. 11 at 2. Thus, the court adopts the new January 26, 2020 as the date of the incident.

[3] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

1    The court noted that the complaint neither indicated whether Plaintiff had been convicted of the
2    charges for which he was arrested, nor did it allege that any such conviction was subsequently
3    invalidated. *See* Dkt. 10 at 1. The court noted that Plaintiff sought monetary damages and to be
4    "release[d] from custody." *Id.* The court found that venue was proper because the events that
5    gave rise to Plaintiff's claims were alleged to have occurred in Sonoma County, which is located
6    in this judicial district. *See id.* at 2 (citing 28 U.S.C. § 1391(b)).

7    Plaintiff has since filed an amended complaint (dkt. 11) and an "Ad[d]endum to Amended
8    Complaint" (dkt. 14), which the court now reviews under 28 U.S.C. § 1915A. Plaintiff's amended
9    complaint still alleges various constitutional violations that involve his arrest on January 26, 2020
10   and the treatment he received for injuries he purportedly received prior to his arrest and the
11   subsequent medical treatment for such injuries. Dkt. 11 at 2-5. Plaintiff again names Defendant
12   Birbenk and adds Officer Finnegan, who Plaintiff has now named as one of the CHP officers
13   responsible for the alleged constitutional violations. *Id.* at 2. Plaintiff also clarifies that he has
14   "not been convicted," but he has been "ordered or sentenced to Rehabilitation under Murphy
15   Conservatorship for [being] incompetent to stand trial." *Id.* Lastly, Plaintiff states he filed a
16   "grievance" in July 2020 "but no response or receipt was given." *Id.* at 1. Thus, he seems to
17   concede that he has not exhausted administrative remedies as to his claims, and he asks the court
18   to overlook this deficiency and to instead review his unexhausted claims, stating as follows:

> I did file a grievance but there was no response given and when I inquired about the grievance the jail said they "don't know." I was under a short amount of time frame to file suit ([1-27-22]) and before I learned about the exhaustion of rem[]edies my 2 yr[.] statute of limitations would have expired. Please grant my complaint.

22   *Id.* at 2 (brackets added). Plaintiff seeks monetary damages. *Id.* at 3.
23   As mentioned, in its initial order reviewing the complaint, the court ordered Plaintiff to
24   amend his claims to correct certain pleading deficiencies. However, the court finds that he has
25   failed to comply with the court's instructions. Therefore, Plaintiff's amended complaint cannot
26   proceed. Accordingly, the court will dismiss the amended complaint with leave to file a second
27   amended complaint ("SAC") that complies with the necessary pleading requirements as outlined
28   below.

United States District Court
Northern District of California

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. *See Paul v. Davis*, 424 U.S. 693, 697 (1976).

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976); *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir. 1979). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

3

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B. Legal Claims

Plaintiff's five-page amended complaint and his two-page "Ad[d]endum to Amended Complaint" do not correct the deficiencies pointed out by the court during its initial review. *See* Dkts. 11, 14. As explained below, Plaintiff will be given another opportunity to correct such deficiencies by filing a SAC, if he can do so in good faith.

#### 1. Constitutional Violations During Arrest

Plaintiff's amended complaint is still too short on facts for the court to determine whether any of his constitutional rights may have been violated during his arrest on January 26, 2020. *See* Dkt. 11 at 2-5. Plaintiff claims that he was driving "on a 2 lane [highway] off of Hwy[.] 37 in Sonoma" and "the precise location" was "unknown and residential" on the date at issue, which fell on a Sunday[4]. *Id.* at 3. He claims that at "approximately 12:30 in the afternoon," there was an

---

[4] The court has confirmed that January 26, 2020 fell on a Sunday.

4

1   accident that "involved [his] car[']s right rear passenger damage, but no other vehicle [was]
2   involved." *Id.* (brackets added).  He alleges that "[w]hen he looked to see what had hit [his] car
3   [he] did not see another car or any structure and when [he] pressed [his] foot on the gas peddle
4   [sic] [he] fell asleep." *Id.* (brackets added).  Plaintiff then claims in a conclusory fashion that he
5   "presume[s] the police cause the explosion to [his] car and sedated [him] into unconsciousness."
6   *Id.* (brackets added).  Plaintiff adds that an unnamed "lady told [him] police had been watching
7   him because he was off the grid in an unmapped territory and [they] lied untruthfully about the
8   police report and [he was] sent to jail for charges [he] did not commit . . . [and he] believe[s] this
9   puts the police at fault." *Id.* at 3-4 (brackets added).

10     Plaintiff now seems to claim that Defendant Finnegan was the officer who drafted the
11   aforementioned "untruthful[]" police report, and Plaintiff attempts to elaborate on this Defendant's
12   involvement in the alleged constitutional violations by stating as follows:

> [F]or Of[f]icer Finnegan to write false allegations about [Plaintiff] involved in a hit and run and vehicular manslaughter in an intentional lie was to cover up what really happened there.  An accident did happen and according to police someone died, but the arresting officer is wrong for arresting me and blaming me in an ad[a]ment lie.  He is in violation because he knows what happened and falsely accused [Plaintiff] and put[t]ing blame on [him].

17   *Id.* at 4 (brackets added).  Plaintiff adds that the "arresting officer" put a "black strap around [his]
18   toungue [sic]" and "the officer doing this must have been the arresting officer and was doing this
19   to insert a breathing app[a]ratus into [his] mouth in order to teletransport [him] directly to the
20   hospital and advertently broke [his] teeth [upon] inserting the breathing app[a]ratus." *Id.* (brackets
21   added).  Plaintiff claims that his "wisdom tooth was broke[n] in half and [his] front top tooth was
22   chipped." *Id.* (brackets added).

23     The court finds that Plaintiff's claims lack specific facts, other than conclusory
24   allegations that the aforementioned CHP officers have committed any constitutional allegations
25   against him.  For example, Plaintiff fails to provide more details about how he was able to
26   conclude that these officers had somehow caused his car to explode and sedated him into
27   unconsciousness, or anything more about these alleged violations.  Plaintiff will be given leave to
28   amend so that he may attempt to allege facts showing how his constitutional rights have been

violated. Also, for each instance of a constitutional violation, Plaintiff should name each person who violated his constitutional rights, describe what each person did to violate his rights and state when and where certain violations occurred. While Plaintiff has named Defendant Finnegan, as the officer who drafted the police report, it is unclear whether this officer was also the arresting officer or whether Defendant Finnegan was present at all during the January 26, 2020 incident.

In his SAC, Plaintiff must be careful to allege facts showing the basis for liability for each Defendant for each of his legal claims. He should not refer to them as a group (e.g., "police" or "the defendants" or "they"); rather, he should identify each involved Defendant by name and link each of them to his claim by explaining what each involved Defendant did or failed to do that caused a violation of his rights. *See Leer*, 844 F.2d at 634. And, Plaintiff must provide other identifying information of the officers involved, such as the name of the arresting officer or if Defendant Finnegan is the arresting officer then more specific allegations that plausibly establish his liability.

### 2. Constitutional Violations at the Hospital

Plaintiff names Dr. Birbenk as a defendant in his amended complaint. As mentioned, Plaintiff has claimed that Defendant Birbenk is a surgeon at Queen of the Valley Medical Center, which is the hospital where Plaintiff was taken after the January 26, 2020 incident. *See* Dkt. 1 at 2; Dkt. 11 at 4-5. In his amended complaint, Plaintiff claims that at "approximately 2:30 p.m." when he "woke up in Queen of the Valley Hospital," he saw Defendant Birbenk, who looked "sketchy." *Id.* Plaintiff claims that "he remembered [Defendant Birbenk] from a prior operation where he fixed [Plaintiff's] broken knuckle after [his] involvement in a fist fight in 2016." *Id.* (brackets added). Plaintiff claims that Defendant Birbenk informed Plaintiff that "[Defendant Birbenk] operated on [Plaintiff's] hand, put pins in [his] wrist and that it was dislocated." *Id.* (brackets added). Because Plaintiff claims he was "unconscious from the moment his car was hit until waking up at the hospital," then Defendant Birbenk was "suggesting he operated on [Plaintiff] immediately without waking [him] up and telling [him] of [his] injuries." *Id.* (brackets added). Plaintiff states that Defendant Birbenk "said he was going to operate again but he didn't." *Id.* Plaintiff was then released to the jail, but the "pain in [his] hand surmounted to a scale of

6

above 10 but to a 70," and it was "unbearable for the next 5 months." *Id.* (brackets added). Plaintiff argues that Defendant Birbenk "never operated because the amount of pain was unparallel with the healing process if he would have operated." *Id.* at 5. Plaintiff claims that "[a]s a result, he could not bend [his] fingers or move [his] wrist or even use [his] hand" and he experienced "5 month[s] imprisonment of excruciating pain with an inability to use [his] hand or fingers." *Id.* (brackets added).

Plaintiff claims he had an appointment with Defendant Birbenk in June 2020, and Defendant Birbenk "operated . . . but did not fix [Plaintiff] hand." *Id.* at 4-5. In his addendum, Plaintiff claims that Defendant Birbenk only did "minimal cleaning up and making space for the damage done" because Plaintiff was "only under anesthetics for 30 minutes." Dkt. 14 at 1.

Plaintiff adds in his addendum that he "recently had an x-ray on [his] hand," and the doctor said "the deformity in [Plaintiff's] hand will be this way for the rest of [his] life." *Id.* Plaintiff claims that Defendant Birbenk "inflicted pain wanton[ly] and he could have used [the] necessary steps to abate it but didn't." *Id.* at 2.

The court notes that Plaintiff's allegations in the amended complaint are almost identical to his initial allegations in his original complaint. *Compare* Dkt. 11 at 4-5 *with* Dkt. 1 at 2. Thus, the amended complaint is *still* deficient based on the aforementioned allegations against Defendant Birbenk. First, liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't. of Corrections & Rehabilitation*, 726 F.3d 1062, 1068 (9th Cir. 2013). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). In order to state a claim of deliberate indifference, the plaintiff must show that: (1) a "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain, *see McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); and (2) the defendant knew that plaintiff faced a substantial

risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it, see *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As the amended complaint currently reads, liberally construed, Plaintiff at most continues to state a claim of negligence.

Furthermore, as the court has previously pointed out, it is not at all clear whether Defendant Birbenk is a state actor. A private individual does not act under color of state law, an essential element of a section 1983 action. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under section 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974). Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Here, according to Plaintiff, Defendant Birbenk works for Queen of the Valley Medical Center, which does not appear to be a state-run facility. In his SAC, Plaintiff must explicitly explain whether Defendant Birbenk is a state actor.

### 3. Exhaustion of Administrative Remedies

A question which must be answered before Plaintiff can proceed with his claims in his amended complaint is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5

(2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.* at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. *See Porter*, 534 U.S. at 525.

A prisoner's failure to exhaust is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003). Accordingly, a claim may be dismissed without prejudice if the record shows that the prisoner has conceded that he did not exhaust administrative remedies. *Id.*

Here, the claims raised in Plaintiff's amended complaint still do not appear to have been exhausted through the administrative grievance procedure at MADF. Plaintiff states he filed a "grievance" in July 2020 "but no response or receipt was given." Dkt. 11 at 1. Instead, he chose to file the instant suit because he seems to be more concerned about the expiration of his "2 yr[.] statute of limitations." *Id.* Plaintiff also does not specifically indicate what claims he had attempted to exhaust in his July 2020 grievance. *See id.* Because Plaintiff did not attach any of his grievance forms, the court is unable to determine if Plaintiff satisfied the administrative remedies exhaustion requirement on *each* of the claims he alleges, prior to filing his suit.

Accordingly, because Plaintiff's claims may not be exhausted, his amended complaint is dismissed with leave to amend in order to prove that he exhausted *all* of his claims against each Defendant before he filed this action. If he did exhaust his administrative remedies with respect to any of those claims before filing this action, he may file a SAC in which to so allege.

**4.** ***Heck*** **Bar**

Plaintiff now alleges that he has been deemed "incompetent to stand trial." Dkt 11 at 2. In his amended complaint, he again seems to be challenging his arrest and resulting jail time, and thus he seeks money damages for the "2 ½ yrs. in jail." *Id.* at 4.

When a plaintiff seeks money damages under section 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, such as a claim that he is innocent of the crime or was incompetent to be tried, he must prove that the conviction or sentence has been

9

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.* at 487.

Plaintiff has not been convicted, but instead awaits trial on pending charges for which he claims to be deemed incompetent to stand trial. Dkt. 11 at 2. In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Supreme Court held that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has *not* been ... invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id* at 391-93 (quoting *Heck*, 512 U.S. at 486-87). The Court stated that the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" goes "well beyond *Heck*" and rejected it. *Id*. at 393 (italics in original). Although the Court was only considering when the statute of limitations began running on a false arrest/false imprisonment claim, the discussion quoted suggests that *Heck* does not apply if there is no extant conviction—such as in this case, where plaintiff has only been charged and was deemed to be incompetent to stand trial.

If a Plaintiff files a section 1983 false arrest claim before he is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id.* at 393-94. If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id*. at 394. As Plaintiff has not been convicted, his claims for money damages may be stayed until the criminal case is ended; if Plaintiff is convicted, his claims will be dismissed under *Heck*, and if he is not convicted then his claims may proceed. The court directs Plaintiff in his SAC to update the current status of his criminal case, and to indicate if he still wishes to pursue the claims relating to his allege false arrest/false imprisonment even though these claims will likely be stayed until he is tried for the charges once he is deemed competent to stand trial.

10

### 5.  Federal Pleading Standards Under Rule 18(a) and Rule 20

As the court previously notified Plaintiff, Federal Rule of Civil Procedure Rule 20 provides,

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (emphasis added).  Further, Rule 21 provides that where parties are misjoined, they may be "dropped or added by order of the court . . . on such terms as are just." Fed. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

Rule 20(a) requires that a plaintiff cannot assert unrelated claims against different Defendants.  In his SAC, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all Defendants named therein.  Claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions.

In this case, Plaintiff has asserted unrelated claims against different Defendants in his amended complaint.  There does not appear to be any commonality of right to relief arising out of his claims relating to constitutional violations against Defendant Finnegan or other CHP officers stemming from Plaintiff's arrest on January 26, 2020 and those against Defendant Birbenk for his alleged failure to properly treat Plaintiff's hand.  Plaintiff cannot join these claims, he must file them as separate lawsuits, if he is so inclined.  With regard to the instant action, this court is providing Plaintiff with one further attempt to determine himself which of the aforementioned listed claims he wishes to proceed on.  Therefore, the court now DISMISSES the amended complaint with leave to amend, providing Plaintiff with one further opportunity to file a complaint that only includes properly joined Defendants and claims.

### 6.  Summary

In sum, the court will allow Plaintiff leave to prepare a proper SAC that is consistent with federal pleading standards.  The court again reminds Plaintiff that in filing his SAC, Plaintiff should also comply with the appropriate rules regarding civil complaints.  Rule 8(d) requires that

11

each averment of a pleading be "simple, concise, and direct," and may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

In his SAC, Plaintiff must provide a short and plain and separate statement regarding each claim: the specifics regarding the mistreatment he suffered, how it violated his constitutional rights, whether he suffered any injury as a result, and the conduct of each individual Defendant that he asserts is responsible for a constitutional violation. Plaintiff must specifically identify what each named Defendant did or did not do in order to state a claim with regard to each separate claim. While Plaintiff may attach exhibits in support of his claims, he must identify how each applies to his claims. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

With regard to the supervisory employees named, Plaintiff should be mindful that a supervisor may be liable under section 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, the SAC need not be long. In fact, a brief and clear statement with regard to each claim listing each Defendant's actions regarding that claim is preferable. Plaintiff should state his claims simply and need not present a lengthy history unrelated to the actions he complains about. The SAC should comply with Rule 8 and provides a brief and coherent recitation of his claims regarding only those Defendants who are properly joined. Plaintiff must also prove that he exhausted *all* of his claims against each Defendant before he filed this action.

Accordingly, the amended complaint is DISMISSED with leave to amend in order to correct the deficiencies above.

### III. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. The amended complaint is DISMISSED with leave to amend, as indicated above. The court repeats its instructions on how to properly amend his claims, which is taken from its July 6, 2022 Order of Dismissal With Leave to Amend, *see* dkt. 10 at 10-11. The amended complaint is DISMISSED with leave to amend to file a **simple, concise and direct** SAC which:

   a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

       i. Set forth **each claim** in a separate numbered paragraph;

       ii. Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

       iii. Identify the injury resulting **from each claim**;

   b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each Defendant** *before* he filed this action as required by 42 U.S.C. § 1997e(a), or whether such remedies were "unavailable" to him within the meaning of the statute;

   c. Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, the SAC may only allege claims that:

       i. Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

       ii. Present questions of law or fact common to **all Defendants**;

   d. **Does not** make conclusory allegations linking each Defendant by listing them as having direct involvement to his claims without specifying how each Defendant was linked through their actions; and

   e. **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability.

2. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his

13

SAC as set forth above. In addition, the court directs Plaintiff in his SAC to update the current status of his criminal case, and to indicate if he still wishes to pursue the claims relating to his arrest even though these claims will likely be stayed until he is tried for the charges once he is deemed competent to stand trial. Plaintiff must also explicitly explain whether Defendant Birbenk is a state actor. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. 22-cv-00665 DMR (PR)—on the form, clearly label the complaint "Second Amended Complaint," and complete all sections of the form. Because the SAC completely replaces the original and amended complaints, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from either the original or amended complaints by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Plaintiff's failure to file his SAC by the twenty-eight-day deadline or to correct the aforementioned deficiencies will result in the dismissal of this action without prejudice.**

3.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4.  The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

IT IS SO ORDERED.

Dated: January 9, 2023       _____
                             DONNA M. RYU
                             United States Magistrate Judge

14